UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# JS-6

**CIVIL MINUTES – GENERAL**

Case No.: 8:25-cv-02366-FWS-JDE                     Date: February 17, 2026
Title: Hannah Tjoa v. THC - Orange County, LLC *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:                Attorneys Present for Defendants:

Not Present                                             Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [12]**

In this putative wage and hour class action, Plaintiff Hannah Tjoa alleges claims against Defendant THC – Orange County, LLC and Defendant Southern California Specialty Care, LLC (together, "Defendants") related to her employment at Defendants' business. (*See generally* Dkt. 1-1 ("Complaint" or "Compl.").) Before the court is Plaintiff's Motion to Remand. (Dkt. 12 ("Motion" or "Mot.").) Defendants oppose the Motion. (Dkt. 15 ("Opp.").) Plaintiff filed a reply in support of the Motion. (Dkt. 16 ("Reply").) The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Accordingly, the hearing set for **February 19, 2026**, (*see* Dkt. 21), is **VACATED** and **OFF CALENDAR**. Based on the state of the record, as applied to the applicable law, the Motion is **GRANTED**.

## I.      Background

Plaintiff brings this action on behalf of all individuals who are, or were previously, employed by Defendants in California, including any employee staffed with Defendants by a third party and classified as a non-exempt employee. (Compl. ¶ 6.) The class period begins on September 2, 2021, and ends on the date as determined by the court. (*Id.*)

---

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# JS-6

## CIVIL MINUTES – GENERAL

Case No.: 8:25-cv-02366-FWS-JDE                          Date: February 17, 2026
Title: Hannah Tjoa v. THC - Orange County, LLC *et al.*

Plaintiff alleges claims against Defendants for (1) unlawful business practices, (2) failure to pay minimum wages, (3) failure to pay overtime compensation, (4) failure to provide required meal periods, (5) failure to provide required rest periods, (6) failure to provide accurate itemized statements, (7) failure to reimburse employees for required expenses, (8) failure to pay wages when due, (9) failure to pay sick wages, (10) retaliation, and (11) wrongful termination. (*Id.* ¶¶ 46-130.)

Defendants removed this case to this court, arguing that the court has federal question jurisdiction because Plaintiff's claims arise from and/or require interpretation of a collective bargaining agreement.  (Dkt. 1 (Notice of Removal) at 2-6.)[1]  The Collective Bargaining Agreement here deals with "wages, hours, and conditions of employment for all employees employed by [Kindred Hospital-Westminster] at its facility located at 200 Hospital Circle, Westminster, California in the following job classifications: Registered Nurse [("RN")] and Registered Nurse Advanced Skills, including RNs serving as relief charge nurses."  (Dkt. 15-2 ("CBA") at 5.)

## II.    Legal Standard

Federal courts are courts of limited jurisdiction with subject matter jurisdiction over only those suits authorized by the Constitution or Congress.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  When a suit originates in state court, a defendant may remove to federal court only when the suit could have been filed in federal court originally.  28 U.S.C. § 1441(a).  "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331."  *Peralta v. Hisp. Bus., Inc.*, 419 F.3d 1064, 1069 (9th Cir. 2005).

Diversity jurisdiction requires complete diversity between the parties and that the amount in controversy exceeds $75,000.  *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff."); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th

_____

[1] All citations in the Order refer to the CM/ECF pagination.

_____

**CIVIL MINUTES – GENERAL**                                                    **2**

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# JS-6

**CIVIL MINUTES – GENERAL**

Case No.: 8:25-cv-02366-FWS-JDE                          Date: February 17, 2026
Title: Hannah Tjoa v. THC - Orange County, LLC *et al.*

Cir. 2003) ("Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000."); *Lee v. Am. Nat. Ins. Co.*, 260 F.3d 997, 1004 (9th Cir. 2001) ("The diversity jurisdiction statute, as construed for nearly 200 years, requires that to bring a diversity case in federal court against multiple defendants, each plaintiff must be diverse from each defendant."). If a party is a corporation, the complaint must allege both its state(s) of incorporation and principal place of business. 28 U.S.C. § 1332(c); *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012). If a party is a natural person, the complaint must allege their state of domicile, which is their permanent home, where they reside with the intention to remain or to which they intend to return. *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citing *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.") (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

Section 301 of the Labor Management Relations Act ("LMRA") provides that "[s]uits for violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States." 29 U.S.C.A. § 185(a). "Although [Section] 301 contains no express language of preemption, the Supreme Court has long interpreted the LMRA as authorizing federal courts to create a uniform body of federal common law to adjudicate disputes that arise out of labor contracts." *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1151 (9th Cir. 2019) (citing *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210 (1985)). As a result, "a civil complaint raising claims preempted by [Section] 301 raises a federal question that can be removed to a federal court." *Id.* at 1152. "To give 'the policies that animate [Section] 301 . . . their proper range,' the Supreme Court has expanded 'the pre-emptive effect of [Section] 301. . . beyond suits alleging contract violations' to state law claims grounded in the provisions of a CBA or requiring interpretation of a CBA." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016) (citing *Lueck*, 471 U.S. at 210-11).

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# JS-6

**CIVIL MINUTES – GENERAL**

Case No.: 8:25-cv-02366-FWS-JDE                    Date: February 17, 2026
Title: Hannah Tjoa v. THC - Orange County, LLC *et al.*

_____

To determine whether Section 301 preempts a claim, the court must determine "whether the asserted cause of action involves a right that exists solely as a result of the CBA," and if so, "then the claim is preempted, and the analysis ends there." *Curtis*, 913 F.3d at 1152-53 (citation modified). But if not, the court must determine "whether a plaintiff's state law right is substantially dependent on analysis of the CBA, which turns on whether the claim cannot be resolved by simply looking to versus interpreting the CBA." *Id.* at 1153. "At this second step of the analysis, claims are only preempted to the extent there is an active dispute over the meaning of contract terms." *Id.* (citation modified).

## III.    Analysis

Defendants argue that the court has subject matter jurisdiction over this case because Plaintiff's claims for (1) overtime wages, (2) sick pay, and (3) meal and rest break violations are preempted and therefore raise a federal question. (Opp. at 6-7.) The court addresses each claim in turn.

### A.    Overtime Wages Claim

California Labor Code Sections 510 and 511 govern overtime wages. Cal. Lab. Code § 510-11. California Labor Code Section 514 provides that "Sections 510 and 511 do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage." Cal. Lab. Code § 514. "By its terms, therefore, the default definition of overtime and overtime rates in [S]ection 510 does not apply to an employee who is subject to a qualifying CBA. If [Plaintiff]'s CBA[] in this case meet[s] the requirements of [S]ection 514, [Plaintiff]'s right to overtime exists solely as a result of the CBA, and therefore is preempted under § 301." *Curtis*, 913 F.3d at 1151-54.

Defendants argue that Plaintiff's claim for overtime wages is preempted because the claim exists solely under the CBA. (Opp. at 16.) More specifically, Defendants argue that the

_____

**CIVIL MINUTES – GENERAL                                        4**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# JS-6

**CIVIL MINUTES – GENERAL**

Case No.: 8:25-cv-02366-FWS-JDE                              Date: February 17, 2026
Title: Hannah Tjoa v. THC - Orange County, LLC *et al.*

CBA provides a regular pay rate exceeding the minimum wage by more than 30%, and therefore satisfies California Labor Code Section 514.  (Opp. at 16-19.)  Plaintiff contends, in part, that her claim is not preempted because the CBA does not cover all class members during the class period.  (Mot. at 8-9, 23; Reply at 9-10.)

The court finds Defendants fail to demonstrate that the CBA preempts Plaintiff's overtime wages claim because the CBA does not cover the alleged class period.  Plaintiff alleges a class period beginning four years prior to filing the Complaint.  (Compl. ¶ 6.)  The Complaint was filed on September 2, 2025, in state court, and therefore the alleged class period begins on September 2, 2021.  (*See id.*)  The CBA, however, went into effect on July 27, 2022, (CBA at 47), and therefore does not cover the entire class period dating back to September 2, 2021.  Because the CBA does not cover the entire, alleged class period, meaning that several months of Plaintiff's overtime wages claim arise under California law, the court finds that the overtime wages claim does not "exist[] solely as a result of the CBA."[2]  *Curtis*, 913 F.3d at 1151-54; *see also Ulloa v. Blackstone Consulting, Inc.*, 2025 WL 306380, at *4 (C.D. Cal. Jan. 27, 2025) ("Here, [p]laintiff's overtime claim cannot be said to arise 'solely' or 'purely' out of a CBA because for the earlier damages period the right *arose out of California wage and hour law*.  Section 514 cannot exempt the application of California law for this earlier period since there was no qualifying CBA to nullify the applicability of Section 510(a).")； *Nordman v. Bon Appetit Mgmt. Co.*, 2023 WL 3006563, at *4 (N.D. Cal. Apr. 18, 2023) (finding that overtime claim does not exist solely as a result of the collective bargaining agreement because the agreement does not provide a minimum hourly rate of not less than 30 percent more than the state minimum wage for all covered employees during the class period).  Accordingly, the court finds that the overtime wages claim does not provide a basis to exercise subject matter jurisdiction.

---

[2] Defendants state that "the three-year limitations period for Plaintiff's overtime claim goes back to September 2, 2022."  (Opp. at 10 n.2.)  At this stage of the proceedings, where an answer to the operative Complaint was already filed, (*see* Dkt. 1-2), the court is not persuaded that the statute of limitations bars Plaintiff's overtime claim to the extent Plaintiff seeks relief dating back to September 2, 2021.  However, nothing in this Order prevents Defendants from raising the statute of limitations defense, limiting the class period to September 2, 2022, later in this case.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# JS-6

## CIVIL MINUTES – GENERAL

Case No.: 8:25-cv-02366-FWS-JDE                    Date: February 17, 2026
Title: Hannah Tjoa v. THC - Orange County, LLC *et al.*

### B.    Sick Pay Claim

California Labor Code Section 245.5(a)(1) provides as follows: "(1) Except as provided in subdivision (d) of Section 246.5, an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of employees, and expressly provides for paid sick days or a paid leave or paid time off policy that permits the use of sick days for those employees, final and binding arbitration of disputes concerning the application of its paid sick days provisions, premium wage rates for all overtime hours worked, and *regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate*." Cal. Lab. Code § 245.5 (emphasis added).

Defendants argue that Plaintiff's claim for sick pay exists solely under the CBA because the CBA satisfies Section 245.5(a)(1). (Opp. at 23-24.) As stated, the Complaint was filed on September 2, 2025, in state court, and therefore the alleged class period begins on September 2, 2021. (Compl. ¶ 6.) For the reasons discussed above, *see* Section III.A, *supra*, the court finds that Defendants fail to adequately demonstrate Plaintiff's sick pay claim exists solely under the CBA when the class period begins before the CBA went into effect. Accordingly, the court finds that the sick pay claim does not provide a basis to exercise subject matter jurisdiction.

### C.    Meal and Rest Break Violations Claims

Defendants argue that Plaintiff's claims for meal and rest break violations are preempted because the claims require interpretation of the CBA, particularly Plaintiff's regular rate of pay. (Opp. at 24-26.) Defendants further argue Article 18 of the CBA contains numerous forms of wages that require interpretation. (*Id.* at 24.) Plaintiff responds that Defendants fail to point to any dispute over the meaning of any CBA term. (Reply at 15-16.) The court agrees with Plaintiff. As Plaintiff points out, Defendants fail to explain how any of the terms regarding meal and rest breaks require interpretation. (*See* Opp. at 24-26.) Furthermore, neither party raises any dispute as to the meaning or application of the provisions relevant to Plaintiff's meal and rest break violations claims. (*See generally* Mot.; Opp.; Reply.) And although the meal and rest break violations claims may rely on, and be aided by reference to, terms in the CBA, "reliance on and reference to CBA-established or CBA-defined terms" "do not make for a CBA

---

**CIVIL MINUTES – GENERAL**                                                           **6**

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# JS-6

## CIVIL MINUTES – GENERAL

Case No.: 8:25-cv-02366-FWS-JDE                          Date: February 17, 2026
Title: Hannah Tjoa v. THC - Orange County, LLC *et al.*

dispute if there is no disagreement about the meaning or application of any relevant CBA-covered term." *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 927 (9th Cir. 2018). Accordingly, the court finds that the meal and rest break claims do not provide a basis to exercise subject matter jurisdiction.

Based on this record, the court finds that Defendants fail to adequately demonstrate preemption of Plaintiff's claims for overtime wages, sick pay, and meal and rest break violations. Therefore, the court finds that the court lacks subject matter jurisdiction over this case. Accordingly, the Motion is **GRANTED**.

## IV.    Disposition

For the reasons stated above, the Motion is **GRANTED.** This case is **REMANDED** to Orange County Superior Court as case number 30-2025-01507958-CU-OE-CXC.

_____